UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

## Case Number:  09-82398-CIV-MORENO

GEOFFREY VARGA and NEIL MORRIS, solely
in their capacity as Joint Official Liquidators of
Palm Beach Offshore, Ltd. and Palm Beach
Offshore, II, Ltd.,

       Plaintiffs,

vs.

PALM BEACH CAPITAL MANAGEMENT,
LLC, KAUFMAN, ROSSIN & CO., BRUCE F.
PREVOST and DAVID W. HARROLD,

       Defendants.

_____/

## ORDER GRANTING MOTIONS FOR STAY AND DENYING MOTION FOR EXPEDITED HEARING

THIS CAUSE came before the Court upon Defendants' Motions to Stay Discovery (**D.E. No. 17, 20**), filed on **March 19, 2010** and Defendants' Request for an Expedited Hearing on their Motions to Stay Discovery (**D.E. No. 45**) filed on **August 23, 2010**.

THE COURT has considered the motions, the responses, and the pertinent portions of the record, and being otherwise fully advised in the premises, it is

**ADJUDGED** that the motions to stay are GRANTED and the request for an expedited hearing is DENIED.  The Court orders a brief stay of discovery pending resolution of the motions to dismiss, which is consistent with the Court's prior ruling in the related case *Tradex v. Palm Beach Capital Mgm't*, Case No. 09-21622-CIV-MORENO.  In that case the Court ultimately granted the motions to dismiss based on a forum selection clause that favored the Cayman Islands.  The same forum selection clause is at issue in the motions to dismiss pending in this case, although the Court recognizes that the Plaintiffs in this case raise different arguments in response to the forum selection

issue that were not raised in *Tradex*.

Due to the nature of the motions to dismiss, Defendants, in this case like *Tradex*, filed a *Chudasama* motion to stay discovery until the Court rules on the motions to dismiss. *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367-68 (11th Cir. 1997); *Moore v. Potter*, 141 Fed. Appx. 803, 807-08 (11th Cir. 2005). A stay of discovery is appropriate where the movant shows "good cause and reasonableness." *Bocciolone v. Solowsky*, No. 08-20200, 2008 WL 2906719, at *2 (S.D. Fla. July 24, 2008). "[C]ourts have held good cause to stay discovery exists wherein resolution of a preliminary motion may dispose of the entire action." *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla. 2003). The basis of the motion to stay discovery is that the Court has already granted nearly identical motions to dismiss based on the forum selection clause in the related case – *Tradex*. In addition, Defendants in this case raise a standing argument that also would dispose of the case, if granted.

While the Court has not yet ruled on the motions to dismiss, a cursory review of those motions and the Court's own prior rulings in *Tradex* suggests that a short stay of discovery is appropriate. The venue and standing issues are threshhold legal issues that are case-dispositive. It is appropriate to stay discovery pending resolution of a motion to dismiss where such an issue is raised. *See United States Catholic Conference v. Abortion Rights Mobilization, Inc.*, 487 U.S. 72, 79-80 (1988) (noting it is appropriate to limit discovery until case-dispositive issues are resolved). Accordingly, the Court grants a brief stay of discovery pending resolution of the motions to dismiss.

DONE AND ORDERED in Chambers at Miami, Florida, this 2nd day of September, 2010.

FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

-2-

Copies provided to:

Counsel of Record